MORRISON TENENBAUM PLLC
Lawrence Morrison, Esq.
87 Walker Street, Floor 2
New York, New York  10013
Telephone:  (212) 620-0938
Facsimile:  (646) 998-1972

*Counsel to Defendants*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DINO ANTOLINI,

                                    Plaintiff,

                    -against-

HENRY MOSES JR., ROBERT MOSES, 222-224
THOMPSON LLC, and BEATRIZ DE ARMAS,

                                    Defendants.

Case No. 19- CV-08012 (JMF)

**ANSWER**

Henry Moses Jr., Robert Moses, 222-224 Thompson LLC and Beatriz de Armas (the "**Defendants**") respectfully answer the Complaint (the "**Complaint**"*)* as follows:

1.      Defendants neither admit nor deny the allegations set forth in Paragraphs 1 and of the Complaint and refer the court to the allegations and claims set forth in the Complaint for the accurate recitation and interpretation thereof.

2.      Defendants deny the allegations set forth in Paragraph 3 of the Complaint, except admit that this Court has jurisdiction.

3.      Defendants deny the allegations set forth in Paragraph 4 of the Complaint, except admit that venue is proper.

4.      Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 5 and 6 of the Complaint.

5.      Defendants admit the allegations in Paragraphs 7 of the Complaint.

6.      Defendants admit the allegations in Paragraphs 8 of the Complaint.

7.      Defendants deny the allegations set forth in Paragraph 9 of the Complaint.

8.      Defendants deny the allegations set forth in Paragraph 10 of the Complaint.

9.      Defendants deny the allegations set forth in Paragraph 11 of the Complaint and refer the Court to the ADA for its provisions.

10.     Defendants deny the allegations set forth in Paragraph 12 of the Complaint and refer the Court to the ADA for its provisions.

11.     Defendants deny the allegations set forth in Paragraph 13 of the Complaint.

12.     Defendants deny the allegations in Paragraphs 14-16 of the Complaint.

13.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint.

14.     Defendants deny the allegations set forth in Paragraphs 18-20 of the Complaint.

15.     Defendants deny the allegations set forth in Paragraph 21 of the Complaint and refer the Court to the applicable code sections cited therein for their provisions.

16.     Defendants deny the allegations set forth in Paragraph 22 (I)-22(VIII) of the Complaint and refer the Court to the applicable code sections cited therein for their provisions.

17.     Defendants deny the allegations set forth in Paragraph 23 of the Complaint.

18.     Defendants deny the allegations set forth in Paragraph 24 of the Complaint.

19.     Defendants deny the allegations set forth in Paragraph 25 and 26 of the Complaint.

20.     Defendants deny the allegations in Paragraphs 27 of the Complaint.

21.     Defendants deny the allegations set forth in Paragraph 28-30 of the Complaint.

**FIRST CAUSE OF ACTION**
*Violations of the Americans With Disabilities Act*

22.     Defendants repeat and reiterate each and every response in Paragraphs 1-20 as though more fully set forth at length herein.

2

23.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 32 of the Complaint.

24.     Defendants deny the allegations set forth in Paragraphs 33 and 34 of the Complaint, and refer the Court to the ADA for its provisions.

25.     Defendants deny the allegations set forth in Paragraphs 35 and 36 of the Complaint.

26.     Defendants deny the allegations set forth in Paragraphs 37-48 of the Complaint, and refer the Court to the cited code sections therein for their provisions.

## SECOND CAUSE OF ACTION
### *Violation of the New York State Executive Law*

27.     Defendants repeat and reiterate each and every response in Paragraphs 1-27 as though more fully set forth at length herein.

28.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 50 of the Complaint.

29.     Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

30.     Defendants deny the allegations set forth in Paragraphs 52-54 of the Complaint, and refer the Court to the NYSEL for its provisions.

31.     Defendants deny the allegations set forth in Paragraph 55-58 of the Complaint.

## THIRD CAUSE OF ACTION
### *Violation of the Administrative Code of the City of New York*

32.     Defendants repeat and reiterate each and every response in Paragraphs 1-58 as though more fully set forth at length herein.

33.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 60 of the Complaint.

34.     Defendants deny the allegations set forth in Paragraph 61 of the Complaint and refer the Court to the Restoration Action referred to therein.

35.     Defendants deny the allegations set forth in Paragraphs 62-65 of the Complaint and refer the Court to the ADA for its provisions.

36.     Defendants deny knowledge and information sufficient to form a belief as to the truth of the allegations in Paragraphs 66 of the Complaint.

37.     Defendants deny the allegations set forth in Paragraph 67 of the Complaint and refer the Court to the New York Administrative Code for its provisions.

38.     Defendants deny the allegations set forth in Paragraph 68-74 of the Complaint .

## FOURTH CAUSE OF ACTION
### *Violation of the New York State Civil Rights Law*

39.     Defendants repeat and reiterate each and every response in Paragraphs 1-74 as though more fully set forth at length herein.

40.     Defendants deny the allegations set forth in Paragraph 76-78 of the Complaint.

## FIFTH CAUSE OF ACTION
### *Common Law Negligence*

41.     Defendants repeat and reiterate each and every response in Paragraphs 80-88 as though more fully set forth at length herein.

42.     Defendants deny the allegations set forth in Paragraphs 80-85 of the Complaint.

## AS FOR THE INJUNCTIVE RELIEF SOUGHT

43.     Defendants deny the allegations set forth in Paragraphs 86-88 of the Complaint.

## AS FOR THE DECLARATORY RELIEF SOUGHT

44.     Defendants deny the allegations set forth in Paragraph 89 of the Complaint.

### AS FOR THE CLAIM OF ATTORNEY'S FEES, EXPENSES AND COSTS

45.     Defendants deny the allegations set forth in Paragraph 90 of the Complaint.

### AFFIRMATIVE DEFENSES

46.     Without admitting or acknowledging that Defendants bear any burden of proof, Defendants assert the following affirmative defenses.  Defendants intend and specifically reserve the right to rely upon any additional defenses that become available or apparent while this action is pending and reserve the right to amend this answer in order to and to otherwise assets any such further defenses.

### FIRST AFFIRMATIVE DEFENSE

47.     Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48.     Plaintiff's claims are barred, in whole or in part, by the failure to satisfy the statutory and/or administrative prerequisites to the bringing of this action.

### THIRD AFFIRMATIVE DEFENSE

49.     Federal law does not require Defendants to alter or modify the property.

### FOURTH AFFIRMATIVE DEFENSE

50.     New York State law does not require Defendants to alter or modify the property.

### FIFTH AFFIRMATIVE DEFENSE

51.     New York City law does not require Defendants to alter or modify the property.

### SIXTH AFFIRMATIVE DEFENSE

52.     Defendants have not engaged in any intentional discrimination to prevent or inhibit access to the property or to any of the facilities therein.

**SEVENTH AFFIRMATIVE DEFENSE**

53.     Defendants have not denied plaintiff physical access to the property or to any of the facilities therein.

**EIGHTH AFFIRMATIVE DEFENSE**

54.     To the extent that Defendants have not made alterations to their space that plaintiff alleges should have been made, such changes were not and are not required under federal, New York State or New York City law, and any requirement to make those changes would impose an undue burden upon Defendants and would not be readily achievable or feasible.

**NINTH AFFIRMATIVE DEFENSE**

55.     Modifications of Defendants' policies, practices and procedures, or the provision of auxiliary aids or services, would fundamentally alter the nature of the goods, services, facilities, privileges, advantages, or accommodations and there is no duty to modify.

**TENTH AFFIRMATIVE DEFENSE**

56.     Plaintiff has failed to take reasonable steps to protect himself from the damages alleged in the Complaint and has failed to mitigate any such alleged damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

57.     Plaintiff lacks standing to pursue the claims asserted, and, to the extent plaintiff has standing to bring the Complaint, plaintiff lacks standing to challenge any alleged carriers to access not specifically encountered by him.

**TWELFTH AFFIRMATIVE DEFENSE**

58.     Plaintiff's claims are barred to the extent the relief plaintiff requests is not mandated by federal, state or city law.

## THIRTEENTH AFFIRMATIVE DEFENSE

59.     Plaintiff has adequate legal remedies and therefore plaintiff is not entitled to injunctive relief or equitable relief.

## FOURTEENTH AFFIRMATIVE DEFENSE

60.     Plaintiff is not entitled to injunctive or equitable relief because plaintiff has not suffered, and will not suffer, any irreparable harm or injury.

## FIFTEENTH AFFIRMATIVE DEFENSE

61.     Defendants exercised reasonable care to ensure compliance with all federal, state and city laws, regulations and/or ordinances, and plaintiff unreasonably failed and/or refused to take advantage of the accommodations provided, or otherwise to avoid harm.

## SIXTEENTH AFFIRMATIVE DEFENSE

62.     To the extent they are prevailing party as to any claim alleged in the Complaint, Defendants reserve the right to seek all permissible relief authorized under federal, state and/or city laws, regulations and/or ordinances, and/or court rules applicable to actions brought in this Court.

## SEVENTEENTH AFFIRMATIVE DEFENSE

63.     Defendants acted in good faith and their conduct conformed to all applicable statutes, regulations and industry standards existing at the time of such conduct.

**WHEREFORE**, Defendants pray for judgment against Plaintiff as follows:

1.     Dismissing the Complaint;

2.     For attorneys' fees and costs of suit incurred herein; and

3.     For such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        October 4, 2019

                                        **MORRISON TENENBAUM PLLC**


                                        By:_____
                                            Lawrence Morrison
                                            87 Walker Street, Floor 2
                                            New York, New York 10013
                                            Tel.:  (212) 620-0938

                                        *Counsel to Defendants*


TO:     FINKELSTEIN LAW GROUP, PLLC VIA ECF
        Attn:  Stuart Finkelstein, Esq.
        338 Jericho Turnpike
        Syosset, New York 11791
        Tel. (718) 261-4900

        *Counsel to Plaintiff*